UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KINLEY MACDONALD,

                    Plaintiff,

        v.                                              CAUSE NO. 3:22-CV-1002-DRL-MGG

MICHAEL DUDDY *et al.*,

                    Defendants.

OPINION AND ORDER

Kinley MacDonald, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Ms. MacDonald alleges that her minor children were removed from her custody and mistreated while in foster care. Furthermore, proceedings were initiated to terminate her parental rights. She is suing numerous judges and DHHS employees, Attorney General Aaron Frey, and numerous employees of the attorney general's office in Maine. Ms. MacDonald describes protracted proceedings taking place in both Indiana and Maine. Child custody, visitation, and the termination of parental rights are not within the jurisdiction of the federal courts. The abstention doctrine set forth in *Younger v. Harris*,

401 U.S. 37, 53 (1971), requires a federal district court to refrain from interfering with pending state criminal proceedings in deference to principles of equity, comity, and federalism; and *Moore v. Sims*, 442 U.S. 415 (1979), extended the *Younger* doctrine to include child custody cases. So too, visitation and the termination of parental rights are beyond the scope of a federal court.

Additionally,

> The Rooker-Feldman doctrine [*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)] . . . establish[es] the fact that lower federal courts do not have jurisdiction to conduct direct review of state court decisions. Furthermore, the Rooker-Feldman principle extends to claims that are inextricably intertwined with the state-court judgment such that the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. The pivotal question, then, is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment. To put it another way, the key inquiry is whether the district court is in essence being called upon to review the state-court decision.

*Lewis v. Anderson*, 308 F.3d 768, 771-2 (7th Cir. 2002) (citations and quotation marks omitted). Here, Mrs. MacDonald is understandably concerned about the issues involving her children and her parental rights; and, to the extent she is challenging that process in a state court, this federal court is not the proper place to address these concerns.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A, and the motion to proceed without delay (ECF 3) is DENIED AS MOOT.

SO ORDERED.

January 10, 2023                           *s/ Damon R. Leichty*
                                           Judge, United States District Court